# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| MANUEL CALLOWAY AND DREW SILLER CALLOWAY | * | CIVIL ACTION NO. 18-0992 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| COLOPLAST CORP. AND ABC INSURANCE CO. | * | MAG. JUDGE KAREN L. HAYES |

## RULING

This is a products liability action brought by Plaintiffs Manual Calloway and Drew Siller Calloway, pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.* ("LPLA"). They allege that the "penile inflatable implant," a/k/a the Titan Prosthesis, which was manufactured by Defendant Coloplast Corp. ("Coloplast"), was surgically implanted into Calloway on December 13, 2016. They further allege that the implant was defective and caused damages to Mr. Calloway. Mrs. Calloway seeks damages for loss of consortium and support.

On August 31, 2018, Coloplast filed a Motion to Dismiss [Doc. No. 8], moving the Court to dismiss Plaintiffs' state law claims under the LPLA as preempted by the Medical Device Amendments ("MDA"), 21 U.S.C. § 360k, to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.SC. § 301, *et seq.*, and for failure to allege sufficient facts to support a plausible claims for relief.

After briefing was complete, on February 5, 2019, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No 26] in which she recommended that the Court grant Coloplast's Motion to Dismiss on the bases that Mr. Calloway's LPLA claims are preempted by the MDA and that, alternatively, he failed to allege sufficient facts to state a claim for relief under the LPLA. She also recommended that the Court dismiss Mrs. Calloway's

derivative claims.  Finally, she recommended that the Court dismiss any claims against XYZ Insurance Company for lack of facts.

However, Magistrate Judge Hayes also recognized that the Court is "obliged to 'freely' grant leave to amend 'when justice so requires.'"  [Doc. No. 26, p. 14 (quoting FED. R. CIV. P. 15(a)(2))].  Because it was "conceivable" that Plaintiffs could cure the deficiencies by amendment, her recommendation of dismissal was made subject to their opportunity "to seek leave of court to amend their complaint with a proposed pleading that cures the deficient allegations – within the deadline to file objections to [the] report and recommendation."  *Id.*

Objections to the Report and Recommendation were due on February 19, 2019.  The parties did not file objections.  Instead, on that date, Plaintiffs filed a motion to amend their Complaint for the fourth time [Doc. No. 27].  While that motion was pending, Coloplast filed a Response or Alternative Motion to Dismiss Plaintiffs' Proposed Fourth Amended Complaint [Doc. No. 30].

After briefing was complete, on May 16, 2019, Magistrate Judge Hayes issued a Memorandum Order denying Plaintiffs' motion to amend.  [Doc. No. 38].  On the same date, she issued a Report and Recommendation [Doc. No. 39] in which she denied Coloplast's alternative Motion to Dismiss.

Given Magistrate Judge Hayes' denial of the leave to amend, her February 5, 2019 Report and Recommendation is now ripe for consideration.  The Court has considered the Report and Recommendation and finds that Magistrate Judge Hayes correctly stated and applied the law.  Accordingly, the Court hereby ADOPTS her recommendation.

Further, to the extent necessary, the Court agrees with Magistrate Judge Hayes' denial of the Plaintiffs' motion to amend for the fourth time.  Accordingly, the Court will issue a Judgment granting Coloplast's Motion to Dismiss [Doc. No. 8] and dismissing Plaintiffs' claims with

prejudice. The Court will further deny Coloplast's alternative motion to dismiss [Doc. No. 30] as moot.

Monroe, Louisiana, this 17th day of May, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE